IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00763-WDM-OES

ISSIAKA I. NAMOKO,

Plaintiff(s),

v.

COGNISA SECURITY, INC.,

Defendant(s).

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 14 2005

GREGORY C. LANGHAM
CLERK

---

ORDER GRANTING DEFENDANT'S
MOTION TO COMPEL DISCOVERY

---

**Entered by O. Edward Schlatter, United States Magistrate Judge.**
Dated: December 14, 2005

Defendant has filed a Motion to Compel Discovery. In its motion, defendant states that plaintiff has not provided responses to Defendant's written discovery requests, and has failed to provide all information that is required by Fed.R.Civ.P. 26(a)(1). In its Reply, defendant specifies that plaintiff has failed to provide copies of applications and resumes that he has submitted to any prospective employers after leaving Cognisa's employ, copies of his federal and state income tax returns from 2003 to the present, and documents related to any internal complaints he made or filed with Cognisa during his employment with Cognisa.

Plaintiff is proceeding in this matter without an attorney. When parties are proceeding without counsel, courts are required to construe their pleadings in a liberal manner. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106,

1110 (10th Cir. 1991). However, courts should not act as an advocate for the *pro se* litigant. Hall, 935 F.2d at 1110.

In his Response, plaintiff states that he has provided every document that he has in his possession. He also complains that Cognisa's request to him is nothing more than its effort to intimidate a person who is ignorant of the law. In a letter to counsel for Cognisa, plaintiff states that it is his understanding that he is not obligated to respond to questions presented by Cognisa. *See* Deft's Mtn to Compel, Ex. E. Plaintiff also states that he will no longer participate in any phone conversations with counsel for Cognisa.

## DISCUSSION

Plaintiff is informed that he is wrong. Plaintiff is also informed that if he does not correct his conduct his case will be dismissed.

To assist plaintiff to understand his obligations as a litigant, am sending to both plaintiff and Cognisa a document that is entitled "Notice to Parties Who Have No Lawyer. The Notice is not a replacement or substitute for the rules. It is merely an effort to assist a *pro se* litigant such as Mr. Namoko in his effort to understand the procedures of the court, and assist him to understand his obligation to comply with those procedures or face such penalties as the dismissal of his case.

have read and considered the documents that Cognisa sent to plaintiff. All of the documents are the standard and usual types of documents that are presented to every party in every case that is filed. They are legitimate and appropriate means by which a party such as Cognisa may learn everything about plaintiff's case that plaintiff himself knows.

Plaintiff apparently failed or refused to provide to Cognisa copies of any applications or resumes that he sent to prospective employers. If plaintiff has not applied

2

for any jobs, he will be forced to admit that fact. Plaintiff is required by our rules to attempt to avoid damages or harm to himself by applying for other jobs. If plaintiff failed or refused to apply for any jobs, he may find in the future that he might not be able to recover any money from Cognisa because he failed to try and avoid harm to himself by applying for jobs.

Plaintiff also apparently failed or refused to provide to Cognisa copies of his tax returns. If plaintiff failed to file such tax returns, he has violated our laws. If he did file such returns, then he must provide copies of them to Cognisa. Cognisa is entitled to know the amount of money that plaintiff is claiming that he earned during the years after 2003.

Plaintiff is informed that he is required by law to provide written answers in response to Cognisa's "First Set of Interrogatories." If plaintiff fails to do so, then he has failed to cooperate with discovery, and his case will be subject to dismissal.

In summary, plaintiff has admitted in his Response, and has admitted in his letter to counsel for Cognisa that he is not complying with his obligations to provide discovery and is not cooperating with the efforts of counsel for Cognisa to discuss the case and resolve disputes over the telephone. As have stated in this Order, plaintiff's failure to provide discovery, or his failure to communicate with counsel for defendant by speaking with him on the telephone, can result in the dismissal of plaintiff's case.

I will grant defendant's Motion to Compel because plaintiff has virtually admitted that he is not provided to Cognisa all of the information or knowledge that he possesses. Cognisa has asked that also make plaintiff pay the attorney fees that they incurred in bringing the motion to compel will not grant that request *this time*, but plaintiff is warned if Cognisa is forced to file this type of motion in the future, have the authority to order

3

plaintiff to pay the amount of money that it cost Cognisa to have the lawyer prepare the motion   will not hesitate to enter such an order if I find that it is appropriate.

## ORDER

It is therefore ORDERED as follows:

Defendant's Motion to Compel Discovery [Doc. 40, filed Nov. 29, 2005] is GRANTED.

2. Plaintiff is ORDERED to provide to counsel for Cognisa by January 3, 2006, all of the documents or information that has been sought by Cognisa.

3. Plaintiff is WARNED that if he fails or refuses to provide any information that he is required to provide, or fails to cooperate with his obligations to provide discovery materials or information, his case may be DISMISSED.

4. Plaintiff is also WARNED that in the event counsel for Cognisa must file a motion similar to the one that is being discussed here, I may order plaintiff to pay the attorney fees that have been incurred in the preparation of such a motion.

Dated in Denver, Colorado, this 14th day of December, 2005.

BY THE COURT:


_s/O. Edward Schlatter_
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
District of Colorado
October, 2002

**NOTICE TO PARTIES WHO HAVE NO LAWYER**
**(OR *PRO SE* PARTIES)**

This notice is intended to provide information and instructions to parties who are proceeding in this court without a lawyer, whether as a plaintiff or as a defendant. This notice is not intended to act as a substitute for the Federal Rules of Procedure or the Local Rules of Procedure, but is intended merely to provide to *pro se* parties an overview of their general obligations. A copy of this Notice will be placed in the court file as evidence that it has been provided to you.

Parties who do their cases without lawyers are entitled to *some* deference, but this deference is limited. In particular, the judge recognizes that you are a lay person. For that reason, your pleadings or motions will be read carefully by the judge, and the judge will consider your pleadings or motions in a liberal fashion in order to ensure that your point is not overlooked or rejected simply because you did not use fancy legal language. This does not relieve you of your obligation to write your pleadings or motions in a manner that is brief, clear and understandable.

The judge cannot act as a lawyer for you, and cannot assist you in your case. *Pro se* parties are held to the same rules of procedure as any other litigants or lawyers. If you have no lawyer, you are responsible for doing for yourself everything that a lawyer ordinarily would do for any party in a lawsuit.

Be advised that the **forms** for most judicial procedures, such as the scheduling order and the pretrial order, may be found at the website for this district. That website is at **www.cod.uscourts.gov.**

**Warning:** Failure to fulfill your obligations and responsibilities as a party can result in the imposition of sanctions against you, including the payment of fines or the attorney fees and costs that have been incurred by the other side. For serious or repeated failures to fulfill your obligations, your case may be dismissed if you are a plaintiff, or a default judgment may be entered against you if you are a defendant. A dismissal or default judgment means that no trial will be held in your case, but means that the court has ruled that you have lost your case because of your refusal or failure to fulfill your obligations as a party.

1. **What "in forma pauperis means."** Permission to proceed "in forma pauperis" merely means that the court is permitting a plaintiff to proceed in the case "as a poor person," that is, without payment of the filing fee.

2. **Court-appointed lawyer.** The granting of permission to proceed in forma pauperis does not mean that you are going to be provided with a court-appointed lawyer. In fact, in civil cases the judge has no authority to order any lawyer to undertake the representation of a plaintiff or defendant. Upon request from a party, the court may ask the Clerk of the Court to seek a lawyer who will voluntarily undertake, without fee, the representation of a party. However, that procedure provides no guarantees that a lawyer will step forward to undertake such representation. As a general rule, very few lawyers volunteer to represent a party for no fee, and the large majority of people who ask for such assistance do not receive it, or do not receive it in time to provide any help to them in their cases. Therefore, do not stall or delay in fulfilling your obligations as a party in the belief that the court will find a lawyer for you. Unless you are able to obtain a lawyer on your own, you are very likely to have no lawyer throughout your case.

3. **Duties of *pro se* parties.** If you are a **plaintiff**, you have the duty **to prepare the scheduling order.** The opposing lawyer or *pro se* party has the duty to cooperate in the preparation of this order. Lawyers who represent the defendants frequently will arrange to have the completed forms prepared by their offices, but you cannot rely upon such arrangements. As a general rule, the judge prefers that the final scheduling order be prepared in a law office because that offers some assurance that the document will be in a form that is consistent with court practice.

All *pro se* parties, whether plaintiff or defendant, must comply with the following obligations: (a) the duty to **meet and confer** with the opposing lawyer or party in order to discuss how the procedures such as discovery will be handled; (b) the duty to provide to opposing counsel the **names** of all persons who may have knowledge of anything that relates to the claims or defenses, and copies of all **documents or materials**, that relate to the claims or defenses; (c) the duty to **cooperate** with opposing counsel in all phases of the discovery process, including the setting of dates for depositions; (d) the duty to **meet and confer** with the opposing lawyer or party **before any motion is filed** (failure to observe this duty can result in the striking of the motion by the court); (e) the duty to prepare (if you are a plaintiff), or to cooperate with opposing counsel in the preparation of, a **pre-trial order** before the date that the judge has set for the pretrial conference; and (f) the duty to appear personally at any **conferences or hearings** at which the court directs you to appear. This list is not intended to be an exhaustive list of all of the duties that arise when you initiate a suit, or are named as a defendant in a suit.

4. **Mailing of documents, motions, letters or other materials.** No document, motion or letter should be mailed or faxed directly to a judge or a judge's chambers.

The **only exception** to this rule is the letter that magistrate judges ask parties to submit for purposes of settlement conferences. If you mail or fax motions or letters directly to a judge's chambers, the document is not received and docketed by the Clerk of Court, and the document does not become a part of the official court record.

If possible, all documents should be typewritten, although this is not a fixed requirement. Whether handwritten or typed, documents should not be written using upper case, or capital, letters only.

**Copies of all documents** that you mail to the court **must** be mailed or sent in some form to the lawyer or party on the other side of your case, and you **must** certify on each document that you have complied with your obligation to provide a copy to your opponent. If you fail to note that you have provided a copy of your document to your opponent, your document will be stricken.

5. **Rights and duties regarding discovery.** You have a right to obtain information from your opponent through several means, including depositions, written interrogatories, requests for documents and requests for admissions. You should read the rules of procedure to learn more about these measures for conducting discovery. If your opponent fails to provide information to you, you have a right to file a "motion to compel" with the court that asks the court to order your opponent to provide the information. As noted above, you must first **meet and confer** with the opposing lawyer or party in order to see if you can work out your difference without the need for court action.

Your opponent has the same right to obtain information from you through these same measures. If you are asked questions in written interrogatories, asked to produce certain documents or materials, or are asked to admit to certain facts as true, you are required to answer all questions, provide all documents that are requested from you, and admit or deny the requests for admissions. You have a right to object to any requests for discovery from you, and your opponent has a right to file a motion that asks the court to compel you to provide the requested information.

**Warning:** if you do not have **substantial justification** for refusing to provide certain information to your opponent, or if you do not have **substantial justification** for asking the court to compel your opponent to provide certain information to you, you can be ordered by the court to pay to your opponent the attorney fees and costs that were incurred by the opponent as a result of your actions. *See* Rule 37(a), Fed.R.Civ.P. If you **willfully refuse** to provide information to your opponent after the judge has ordered you to do so, the judge may impose the most severe

sanctions, namely, entry of dismissal or default judgment. If you attempt to **hide or withhold information**, and your effort is discovered, such actions also may result in the imposition against you of the most severe sanctions, dismissal or default judgment. Of course, these same rules apply to your opponent. However, because you have no attorney, you are not entitled to claim that the court should award attorney fees to you.

6. **Depositions.** A deposition is an interview of a party or witness that is recorded in some official manner, usually by a certified shorthand reporter. A deposition must be arranged and paid for by the party who wishes to take the deposition. That party must arrange for a place in which to conduct the deposition, and must arrange for a means to record it – such as a certified shorthand reporter. Depositions can be quite expensive, because each deposition may cost a minimum of $500.00, and frequently more, just for the reporter to be present and take down the questions and answers. After that, if you wish to have a transcript of what was said at the deposition, shorthand reporters will charge you several dollars for each page. Shorthand reporters are private contractors, not court employees, and the judge has no power to order them to provide free transcripts to any party.

Parties may agree to conduct interviews of witnesses by means of tape or video recorders. However, the recordings ordinarily cannot be used as an official record for any purpose in the case unless the recordings were done by a certified reporter.

**When you are deposed**, you have a duty to **answer all questions**, even if some questions seem to be irrelevant, personal or harassing. Lawyers and pro se parties are not permitted to ask questions at depositions that are asked for the sole purpose of learning matters that may be personal or embarrassing. If you believe that you have been asked an improper or objectionable question, you may state your objection, but you must nevertheless answer the question during the deposition. **Warning:** If you fail or refuse to answer all questions, and the judge later determines that you were wrong in doing so, you can be ordered to submit to further deposition, and you can be ordered to pay all of the attorney's fees and costs for the follow-up deposition.

7. **Duty to prosecute or defend with diligence.** If you are a plaintiff, you must understand that you cannot simply file a case and then sit back and wait for a result. You must prosecute your claims with diligence, and fulfill all of your obligations under the rules. Failure to do so may result in dismissal of your case by the court, or the imposition of other sanctions against you.

If you are a defendant, you must understand that you also cannot simply sit back and wait to see what happens. If you fail to fulfill your obligations under the rules, or fail to defend yourself against any pleadings or motions that are filed against you, the court may enter default judgment against you, or impose other sanctions.

8. **Settlement conferences.** Finally, you should understand that ninety-seven percent of all cases that are filed in this district are resolved without a trial. The vast majority of cases are settled by the parties themselves by reaching a compromise agreement. Settlement conferences are held in almost all cases, and the magistrate judge acts as a mediator at such conferences. Parties should not expect to "win" their case at a settlement conference because the primary purpose of a settlement conference is to determine whether the parties are willing to compromise in order to avoid the risks that are presented by a trial or other legal proceedings. The magistrate judge can assist you in understanding the laws, your claims and the risks and the legal hurdles that you face if you do not reach a compromise. However, you are never required to settle your case. The fact that only three percent of all cases ever proceed to trial indicates that the vast majority of litigants have concluded that a settlement with compromise was the more intelligent means by which to resolve their conflict.