IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00763-WDM-MEH

ISSIAKA I. NAMOKO,

      Plaintiff,

v.

COGNISA SECURITY, INC.,

      Defendant.

---

### AMENDED ORDER ON MOTIONS TO AMEND

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court are Plaintiff's Motion to Amend Complaint (Docket #65) and Plaintiff's

Motion to Amend Scheduling Order (Docket #66).  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.

COLO. L.Civ.R 72.1, these matters have been referred to this Court for resolution.

**I.**      **Motion to Amend Complaint (Docket #65)**

Plaintiff seeks to amend his First Amended Complaint (and his claims of discrimination and

harassment based on race and national origin) to include two additional claims: (1)  violation of his

civil rights under 42 U.S.C. § 1981; and (2) a violation of the Fair Labor Standards Act for unpaid

overtime.  Plaintiff argues that  these claims were not previously alleged because Plaintiff was

proceeding *pro se*.  Plaintiff now has retained counsel, who argues that these claims should be added

in the interests of justice.  Defendant argues that Plaintiff diligently represented himself before

Plaintiff's counsel entered an appearance, and that an amendment this close to the end of discovery

will prejudice Defendant, as will an extension of discovery.

Pursuant to Fed. R. Civ. P 15(a), the Court is to freely allow amendment of the pleadings

"when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, *undue* prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (emphasis added). "In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend." *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005). In addition, once a Scheduling Order has been issued setting a deadline for the amendment of pleadings, a party seeking an amendment out of time must show good cause to modify the Scheduling Order. Fed. R. .Civ. P. 16(b); *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990). Thus, Plaintiff must satisfy a two part test: (1) that good cause exists to amend the Scheduling Order; and (2) that justice requires this amendment.

In this case, the Court believes that Plaintiff satisfies both requirements. First, good cause requires the Plaintiff to show that the deadline for amendments "could not have been met with diligence." *Simpson v. Home Depot, Inc.*, 203 F.R.D. 643, 644 (D. Kan. 2001) (citation omitted). Plaintiff proceeded in this case *pro se in forma pauperis* and diligently prosecuted his claims, as admitted by Defendant. Plaintiff's counsel argues that while Plaintiff attempted to prosecute his case correctly, he is a native of Mali, West Africa, and struggled with bringing all appropriate claims. Notably, Plaintiff's Second Amended Complaint contains only two new factual allegations: (1) that Plaintiff's job was not eliminated after his termination; and (2) that "Plaintiff worked overtime but was not paid for it." Second Amended Complaint, ¶ 9, ¶ 7. Because Plaintiff diligently prosecuted this case while proceeding *pro se*, his failure to timely seek an amendment was not caused by a lack of diligence. Thus, the Court believes that good cause exists to modify the Scheduling Order.

Second, Plaintiff must establish that justice requires this amendment. If the amendment, will unduly prejudice the Defendant, the amendment should be denied. *Frank*, 3 F.3d at 1365. Defendant

argues undue prejudice exists in that Plaintiff undoubtedly knew of the facts underlying these claims previously and discovery is now nearly complete. The Court believes that this prejudice can be alleviated by a slight modification of the Scheduling Order. In addition, Plaintiff's amendment does not significantly alter the First Amended Complaint. As Defendant recognizes, Plaintiff's claims under 42 U.S.C. § 1981 are based on the same factual allegations as Plaintiff's claims under 42 U.S.C. § 2000e. Thus, no new discovery is necessary for these claims. Second, Plaintiff's claim under the Fair Labor Standards Act should require only limited discovery. Because Plaintiff has only recently obtained counsel, he was previously diligent in attempting to prosecute his claims, and his amendments will not require significant discovery, the Court finds that justice requires allowing this amendment. Plaintiff's Motion to Amend Complaint is **granted.**

## II.     Motion to Amend Scheduling Order (<u>Docket #66</u>)

As discussed above, the Scheduling Order should be modified only upon a showing of good cause. The Court finds good cause in this case. However, Plaintiff seeks a "substantial modification of the Scheduling Order." Mot. to Amend, ¶ 3, Dock. #66. Because Plaintiff diligently prosecuted his claims prior to obtaining counsel, a substantial modification in the Scheduling Order is unnecessary and would unduly prejudice Defendant. As such, Plaintiff's Motion to Amend Scheduling Order is hereby **granted** in part and **denied** in part. The Court will modify the Scheduling Order as follows:

The discovery deadline in this case shall be extended to **May 10, 2006**;

Both parties are allowed to serve **one** additional set of written interrogatories;

The dispositive motion deadline is moved to **June 7, 2006.**

## III.    Conclusion

Plaintiff's Motion to Amend Complaint [<u>Filed March 13, 2006; Docket #65</u>] is **granted.** The

Clerk of the Court is directed to docket Plaintiff's Second Amended Complaint [Docket #65-2].

Plaintiff's Motion to Amend Scheduling Order [Filed March 13, 2006; Docket #66] is **granted** in part and **denied** in part, as set forth in Section II.

Dated at Denver, Colorado, this 27th day of March, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge