IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00763-WDM-MEH

ISSIAKA I. NAMOKO,

    Plaintiff,

v.

COGNISA SECURITY, INC.,

    Defendant.

---

## CONSENT PROTECTIVE ORDER

---

    Plaintiff in this action has requested that Defendant Cognisa Security, Inc. (hereinafter "Defendant") produce certain personnel files and other confidential, proprietary business documents containing information about individuals who are not parties to this lawsuit and information regarding Defendant's business strategies and operating procedures, pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure. Defendant has raised claims of confidentiality as to certain of these documents. Plaintiff has agreed to respect these claims of confidentiality insofar as they do not unduly prejudice the preparation of Plaintiff's case for trial.

    Therefore, the parties having stipulated and agreed to the terms of this Consent Protective Order, it is hereby ordered that the following restrictions shall apply to the dissemination of Confidential Information:

Information Subject To This Order

1.

"Confidential Information" shall mean all personnel files and documents, whether maintained in documentary, written, or electronic form, that concern current or former employees of Defendant. "Confidential Information" shall also mean all proprietary information, whether maintained in documentary, written, or electronic form, that concerns Defendant's operating procedures and business strategies.

2.

Confidential Information in documentary or written form shall be designated as confidential by marking each page of the document as follows: "CONFIDENTIAL." Non-documentary things shall have a tag or label affixed thereto bearing the legend: "CONFIDENTIAL." All Confidential Information which cannot be conveniently designated in such a manner shall be designated as "Confidential" by informing counsel for all parties of such designation in writing.

Persons Authorized To Receive Confidential Information

3.

Confidential Information shall be given, shown, disclosed, made available, or communicated only to:

(a) The parties;

(b) The attorneys of record for the parties, including any member of the staff of such attorneys and any person retained or employed to assist counsel in the case;

(c) Outside consultants and/or experts hired by any party in connection with this

action;

(d)     Court reporters;

(e)     Witnesses who have information relevant to this case;

(f)     the Court and its employees; and

(g)     other persons agreed upon by written agreement of the parties

4.

Before any person may receive any Confidential Information, such person shall be furnished with a copy of this Protective Order, shall agree to be bound by the terms of this Protective Order, and shall execute the Agreement attached hereto as Exhibit "A." A copy of each such executed Agreement shall be retained by Plaintiff and served on all parties at the conclusion of the case.

5.

All Confidential Information produced shall be carefully maintained so as to preclude access by persons who are not qualified recipients of such information.

6.

No person, firm, corporation, or other entity (except the party producing the Confidential Information) shall use Confidential Information in any manner whatsoever except in the course of this action.

<u>Miscellaneous Provisions</u>

7.

Upon final termination of this action, including all appeals, Plaintiff shall, within thirty days, return to Defendant or, at Defendant's option, destroy the documents produced by

Defendant containing Confidential Information. All Confidential Information not embodied in these documents shall remain subject to this Protective Order, and attorney's files may be retained solely for use by counsel.

8.

A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Order. If such a motion is filed timely, the disputed information shall be treated as confidential under the terms of this Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Order.

9.

Documents designated as confidential, which are sought to be filed with the Court, should be filed in accordance with D.C.COLO.LCivR 7.3 and copies of the papers or documents in sealed envelopes shall be filed in accordance with D.C.COLO.LCivR 10.1L.

10.

This Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated at Denver, Colorado this 6th day of April, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge


Consented to by:

s/ Craig M. Cornish
Craig M. Cornish
CORNISH AND DELL'OLIO
431 North Cascade Avenue
Suite 1
Colorado Springs, CO  80903
Telephone:  (719) 475-1204
FAX:  (719) 475-1264
Email:  ccornish@cornishanddellolio.com
Attorney for Plaintiff


s/ Peter F. Munger
Peter F. Munger (#12438)
FORD & HARRISON LLP
1675 Broadway, Suite 2150
Denver, CO  80202
Telephone:  (303) 592-8860
FAX:  (303) 592-8861
E-mail:  pmunger@fordharrison.com
and
Terry P. Finnerty
Georgia Bar No. 261561
James P. Ferguson, Jr.
Georgia Bar No. 258743
DUANE MORRIS LLP
1180 West Peachtree Street, Suite 700
Atlanta, GA  30309
Telephone:  (404) 253-6900
FAX:  (404) 253-6901
Email:  tpfinnerty@duanemorris.com
          jpferguson@duanemorris.com
Attorneys for Defendant

## **Exhibit A**

## **Confidentiality Agreement**

I hereby acknowledge that I have read the Consent Protective Order entered into by Plaintiff and Defendant in <u>Issiaka I. Namoko v. Cognisa Security, Inc.</u>, Civil Action File No. 05-cv-00763-WDM-OES in the United States District Court for the District of Colorado.  I further acknowledge that I am bound by the terms of this Consent Protective Order and that I fully understand the terms of this Consent Protective Order.

_____
Name

_____
Signature

_____
Date