IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00763-WDM-MEH

ISSIAKA I. NAMOKO,

    Plaintiff,

v.

COGNISA SECURITY, INC.,

    Defendant.

## RECOMMENDATION ON MOTION TO AMEND

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Plaintiff's Motion for Leave to File a Third Amended Complaint [Docket #77]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1, this matter has been referred to this Court for recommendation. For the reasons stated below, the Court recommends that Plaintiff's Motion to Amend be **denied**.

**I.  Background**

    Plaintiff proceeded in this case *pro se* and *in forma pauperis* until counsel entered an appearance on February 14, 2006. In March, Plaintiff's counsel filed a Motion to Amend Complaint to seek relief under 42 U.S.C. § 1981 for discrimination and harassment as well as relief under the Fair Labor Standards Act. [Docket #65] This Court found good cause existed to amend the Scheduling Order to allow this amendment and granted Plaintiff's motion. [Docket #74] Only two days later, Plaintiff's counsel filed a second Motion to Amend to clarify his claims under 42 U.S.C. § 1981 and to add a claim for retaliation.

    Since the present motion was filed, the parties entered a Settlement Agreement, and

Defendant filed a Motion to Enforce Settlement Agreement. After an evidentiary hearing on the matter, this Court issued a recommendation that the motion be granted and that the settlement be enforced. [Docket #109] Subsequent to that hearing, the Court granted Plaintiff's counsel's Motion to Withdraw as Attorney. Thus, Plaintiff is again appearing *pro se*.

## II.     Discussion

Pursuant to Fed. R. Civ. P 15(a), the Court is to freely allow amendment of the pleadings "when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, *undue* prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (emphasis added). "In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend." *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005). In addition, once a Scheduling Order has been issued setting a deadline for the amendment of pleadings, a party seeking an amendment out of time must show good cause to modify the Scheduling Order. Fed. R. .Civ. P. 16(b); *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990). Thus, Plaintiff must satisfy a two part test: (1) that good cause exists to amend the Scheduling Order; and (2) that justice requires this amendment.

As an initial matter, this Court has previously determined that Plaintiff entered a valid settlement agreement with Defendant and has recommended that this agreement be enforced. Thus, the Court recommends that Plaintiff's Motion to Amend be **denied** as moot.

In addition, the Court finds that good cause does not exist to allow Plaintiff's Third Amended Complaint. Plaintiff does not assert that the facts requiring this amendment were not available at the time the Court allowed the Second Amended Complaint. Although Plaintiff argues that this

2

amendment so shortly after the last amendment would provide no undue prejudice to Defendant, Plaintiff must first show that good cause exists to allow this untimely amendment. This, he cannot do because he failed to cure this deficiency with his previous amendment. Moreover, Defendant would be prejudiced by this amendment because no discovery has been conducted regarding the retaliation claim. The Court, therefore, recommends that Plaintiff's Motion to Amend be **denied**.

### III.   Conclusion

Accordingly, the Court RECOMMENDS that Plaintiff's Motion for Leave to File Third Amended Complaint [Filed March 29, 2006; Docket #77] be **denied**. Specifically, Plaintiff has failed to establish good cause why these deficiencies could not have been cured in his previous amendment. Alternatively, the Court RECOMMENDS that Plaintiff's Motion to Amend be **denied** as moot due to the pending recommendation to enforce the settlement agreement in this case. Under Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Dated at Denver, Colorado, this 12th day of June, 2006.

                                      BY THE COURT:

                                      s/ Michael E. Hegarty
                                          Michael E. Hegarty
                                    United States Magistrate Judge