IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00763-WDM-MEH

ISSIAKA I. NAMOKO,

    Plaintiff,

v.

COGNISA SECURITY, INC.,

    Defendant.

## ORDER ON MOTION TO COMPEL AND MOTION TO TRANSFER CASE

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Request for Production of Document Adressed [sic] to the Court; Defendant; and Craig Cornish and Plaintiff's Request to District Judge Miller to Transfer the Case to the Supreme Court of Appeals [Docket #114]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1, this matter has been referred to this Court for resolution. For the reasons stated below, the Court **grants** Plaintiff's Motion in part and **denies** Plaintiff's Motion in part.

**I.    Background**

Plaintiff filed this lawsuit *pro se* on April 26, 2005. He continued *pro se* until Craig Cornish of the law firm Cornish & Dell'Olio entered an appearance on Plaintiff's behalf on February 14, 2006. On April 26, 2006, Plaintiff signed a Settlement Agreement but subsequently sought to revoke his acceptance of this Agreement. The Cornish law firm next sought to withdraw as Plaintiff's counsel, which the Court allowed. Thus, Plaintiff is again appearing *pro se*. Due to Plaintiff's attempted revocation of the fully executed Settlement Agreement, Defendant filed a Motion to Enforce Settlement, and the Court held an evidentiary hearing on the matter on May 8, 2006. Based on the

evidence presented, this Court issued a Recommendation that the Settlement Agreement entered into by the parties be enforced. [Docket #109]  Plaintiff objected to the Recommendation, which is now pending before United States District Judge Walker D. Miller.

In this Motion, Plaintiff seeks two types of relief.  First, he seeks an unredacted copy of documents within the possession of Defendant and Plaintiff's former counsel and allegedly within the possession of this Court.   Second, Plaintiff seeks to have this case transferred to "The Supreme Court of Appeals."  Plaintiff's Motion also includes various arguments that are apparently in support of his appeal of this Court's Recommendation to Enforce the Settlement Agreement and have little bearing on the relief actually requested in this Motion.

**II.      Discussion**

Plaintiff first seeks documents in the possession of three parties: (1) Defendant; (2) this Court; and (3) Plaintiff's former counsel.  First, as Defendant notes in response to Plaintiff's Motion, the discovery deadline in this case was May 10, 2006.  Before that deadline, Plaintiff signed a Settlement Agreement, which he now seeks to rescind.  Based on the Court's prior Recommendation that the Settlement Agreement be enforced as well as the fact that the discovery deadline has already passed, the Court does not find good cause, as required by Fed. R. Civ. P 16(b), to compel Defendant to produce any documents. Second, all documents submitted to the Court are a matter of public record, of which Plaintiff may receive copies by request from the Office of the Clerk of the Court.  In addition, Plaintiff received a copy of all documents submitted by Defendant at the May 8, 2006, evidentiary hearing.  Plaintiff also seeks a transcript of the hearing from the Court.  The transcript may be obtained from Avery Woods Court Reporting Services for a fee.  Avery Woods can be contacted at 303-825-6119.

Regarding Plaintiff's former counsel, Plaintiff alleges that the law firm has not released his file. Although Cornish & Dell'Olio has not responded to this Motion, Mr. Cornish previously filed a Charging Lien based on the signed Settlement Agreement. [Docket #104] Under Colorado law: "An attorney has a lien for a general balance of compensation upon any papers of his client which have come into his possession in the course of his professional employment . . ." C.R.S. § 12-5-119. Colorado law provides for two types of attorney's liens, a charging lien and a retaining lien. *Donaldson, Hoffman & Goldstein v. Gaudio*, 260 F.2d 333, 335 (10th Cir. 1958) (applying statutory predecessor to C.R.S. § 12-5-119). A charging lien applies to a judgment and is based in *quantum meruit*; while a retaining lien applies to those items that are within the possession of the attorney. *Id.* at 335-36. While these liens are not to be conflated, both liens attach immediately and without notice. *See People ex rel. MacFarlane v. Harthun*, 581 P.2d 716, 718 (Colo. 1978). As the Supreme Court of Colorado reasoned, "This language [of C.R.S. § 12-5-119] can only be construed to mean that a lien attaches to the client's papers once an attorney has completed compensable work." *Id.*

Due to the attorney's lien on Plaintiff's file, the Court must decide an appropriate method of protecting this lien, without unduly prejudicing Plaintiff's right to appeal his case. *Eg.*, *Wynn v. AC Rochester*, 982 F. Supp. 926, 928 (W.D.N.Y. 1997). Because Cornish & Dell'Olio have filed a Charging Lien based on the Settlement Agreement, the Court believes that the file should be released to Plaintiff so that his appeal in this case is not unduly prejudiced. This does not affect the Charging Lien associated with the Settlement Agreement or any other potential judgment in this case. To this extent, Plaintiff's Motion to Compel is **granted**. The law office of Cornish & Dell'Olio is directed to make Plaintiff's file available to him no later than June 19, 2006. Cornish & Dell'Olio should provide Plaintiff with copies of the documents he requests, though Plaintiff should be aware that this

may add to the costs associated with Cornish & Dell'Olio's Charging Lien.

Plaintiff also seeks to have this case transferred to the "Supreme Court of Appeals." Pursuant to Fed. R. App. P. 4(a)(4)(A), the time for filing an appeal begins once an order disposing of the motion is issued. In this case, Defendant's Motion to Enforce Settlement Agreement is pending before Judge Miller on Plaintiff's objection to this Court's Recommendation. Thus, an appeal is not appropriate until Judge Miller issues a ruling on this motion. Only then may Plaintiff file a notice of appeal in accordance with Fed. R. App. P. 3(a).

### III. Conclusion

Accordingly, Plaintiff's Request for Production of Document Adressed [sic] to the Court; Defendant; and Craig Cornish and Plaintiff's Request to District Judge Miller to Transfer the Case to the Supreme Court of Appeals [Filed May 30, 2006; Docket #114] is **granted** in part and **denied** in part. Specifically, the law office of Cornish & Dell'Olio is directed to make Plaintiff's file available as outlined above no later than June 19, 2006. All other relief sought in Plaintiff's motion is denied.

Dated at Denver, Colorado, this 12th day of June, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge