IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00763-WDM-MEH

ISSIAKA I. NAMOKO,

    Plaintiff,

v.

COGNISA SECURITY, INC.,

    Defendant.

## ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court are Plaintiff's Request of the Transcript on the May 8, 2006, Hearing [Docket #129] and Plaintiff's Motion to Seize his Former Lawyers' Office and his House in Order to Enforce a Granted Court Recommendation [Docket #131]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, these matters have been referred to this Court for resolution.

**I.    Request for Transcript**

Plaintiff initially proceeded in this lawsuit *pro se* and *in forma pauperis*. Plaintiff was represented by counsel for a time, and Plaintiff is now again appearing *pro se*. Based on his *in forma pauperis* status, Plaintiff requests that a transcript of the May 8, 2006, hearing on Defendant's Motion to Enforce Settlement be provided to him at no cost. Plaintiff argues that this transcript is essential to his appeal of this Court's Recommendation that the Settlement Agreement be enforced.

Before the Court can provide a transcript at no cost for an appeal, the Court must first determine whether the appeal is frivolous. 28 U.S.C. § 753(f). In this case, the Court issued a Recommendation on May 11, 2006. Plaintiff filed his objections on May 17, 2006, and Defendant filed its response. Objections to a Recommendation must be filed within ten days. Fed. R. Civ. P

72(a); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).  And indeed, Plaintiff filed his objections.  Until Judge Miller issues a ruling on Recommendation, no other appeal can be taken.  Fed. R. App. P. 4(a)(4)(A).  As such, the Court believes that Plaintiff's Motion is premature because the Court cannot review whether an appeal is frivolous when an order has not yet issued.  Should Plaintiff seek an appeal of Judge Miller's ruling, once it has issued, the Court will reconsider whether a transcript should be provided at no cost.  Plaintiff's Request for Transcript is, therefore, **denied** without prejudice.

In addition, Plaintiff also asserts that the Court has not ruled on his previous motion to transfer this case to the United States Supreme Court.  On this matter, Plaintiff is directed to this Court's Order dated June 12, 2006, which denied this request.  Docket #121 at 4.

## II.     Motion to Seize Former Lawyer's Office and his House

This Court earlier granted Plaintiff's Motion to Compel his file from his former attorney by Order dated June 12, 2006 [Docket #121].  In response, Plaintiff's former law firm, Cornish & Dell'Olio, filed a Certificate of Compliance with Order to Compel Dated June 12, 2006 [Docket #125].  In this Certificate of Compliance, Ms. Dell'Olio states that Plaintiff's file was delivered to Centennial Reproduction Center for Plaintiff to pick up because the law firm currently has a restraining order prohibiting Plaintiff from contacting Cornish & Dell'Olio.  Ms. Dell'Olio further states that Centennial Reproduction Center was instructed to notify Plaintiff when these documents were available.

In his Motion to Seize, Plaintiff alleges that the law firm of Cornish & Dell'Olio has not complied with this Order.  Plaintiff explains that he has not had any contact with the law firm and that they did not "send the documents by certified."  Docket #131 at 3.  Plaintiff, however, does not address whether these documents were available for pickup at Centennial Reproduction Center, as

Cornish & Dell'Olio stated in their Certificate of Compliance. As such, the Court cannot discern from these pleadings whether Plaintiff's file was available to him. Thus, Plaintiff's Motion to Seize is **denied** without prejudice. If Plaintiff is unable to retrieve his file from Centennial Reproduction Center, any renewed motion should so state.

As an additional matter, Plaintiff stresses the importance of this Court granting his Motion to Seize to ensure he receives his file so that "this matter can be taken care of it without any body getting hurt." Docket #131 at 2. The Court admonishes Plaintiff that veiled threats against parties to this lawsuit or any other persons are not taken lightly.

### III. Conclusion

Accordingly, Plaintiff's Request of the Transcript on the May 8, 2006, Hearing [Filed July 10, 2006; Docket #129] and Plaintiff's Motion to Seize his Former Lawyers' Office and his House in Order to Enforce a Granted Court Recommendation [Filed July 12, 2006; Docket #131] are **denied** without prejudice to be re-filed at the appropriate time, as discussed herein.

Dated at Denver, Colorado this 20th day of July, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge