IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00763-WDM-MEH

ISSIAKA I. NAMOKO,

    Plaintiff,

v.

COGNISA SECURITY, INC.,

    Defendant.

## ORDER ON PLAINTIFF'S MOTION
## FOR DEFAULT JUDGMENT

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion to Move for Default Judgement [Docket #135]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for resolution. For the reasons set forth below, the Court will **deny** Plaintiff's Motion.

**I.**  **Facts**

Plaintiff filed this lawsuit on April 18, 2005, alleging discrimination in employment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq*. Plaintiff initially and, after being represented by counsel for a short time, once again appearing *pro se* seeks default judgment against Defendant. In support of this motion, Plaintiff asserts general allegations regarding the merits of his claims and includes his various objections to previous Orders issued by this Court. In response, Defendant argues that Plaintiff did not follow the proper procedures for seeking default judgment or provide any legal authority for his request and that Defendant has answered Plaintiff's Complaint and has otherwise defended itself against Plaintiff's allegations.

## II. Discussion

A party seeking default judgment must first request an entry of default judgment from the Clerk of the Court. Fed. R. Civ. P. 55(a). This entry of default is a prerequisite to seeking a default judgment under Fed. R. Civ. P. 55(b). *Canady v. Erbe Elektromedizin GmbH*, 307 F. Supp.2d 2, 9 (D.D.C. 2004). Even after the proper procedure is followed, default judgment should be entered only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Fed. R. Civ. P. 55(a). Default judgment is a harsh sanction intended to punish parties who exhibit a "callous disregard of their responsibilities" and should be entered only on a showing that a party willfully failed to comply with the Court's orders. *See Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 640-43 (1976). Such callousness is required because the Federal Rules of Civil Procedure "generally embody an effort to ensure that courts decide cases based on the strength of the adversaries' arguments rather than on the skillful use of technicalities." *Canady*, 307 F. Supp.2d at 9.

Here, Plaintiff has not followed the requirements of Fed. R. Civ. P. 55(a) by first seeking an entry of default judgment from the Clerk of the Court. More importantly, Defendant has not failed to answer or otherwise respond. In fact, Defendant has responded to each motion filed by Plaintiff, including this one, for which a response is appropriate. Plaintiff's only allegation is that a personal representative of Defendant did not attend the hearing on the Motion to Enforce Settlement Agreement, although counsel for Defendant did appear and present evidence and oral argument. Nothing in the entire record of this case provides any support for awarding default judgment.

## III. Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion to

Move for Default Judgement [Filed July 31, 2006; Docket #135] is **denied**. Plaintiff has not followed the proper procedures for seeking default judgment, and Defendant has responded to Plaintiff's Complaint as required by the Federal Rules.

Dated at Denver, Colorado this 8th day of August, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge