IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-00763-WDM-MEH

ISSIAKA I. NAMOKO,
Plaintiff,
v.
COGNISA SECURITY, INC.,
Defendant.

_____

ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE
_____

Miller, J.

This matter is before me on a recommendation of Magistrate Judge Michael E. Hegarty, issued May 11, 2006, (doc. no. 109) that Defendant's Motion to Enforce Settlement Agreement, filed May 2, 2006 (doc. no. 98) be Granted. Plaintiff filed a timely objection on May 12, 2006, titled "Motion to Appeal the Federal Court decision to seek justice and review of this case near to the Supreme Court." Defendant filed a reply to Plaintiff's objection on May 22, 2006. I must make a *de novo* determination of those portions of the proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1).

I have reviewed *de novo* the pertinent portions of the record, including the transcript of the May 8, 2006 hearing before Magistrate Judge Hegarty on the Motion to Enforce the Settlement Agreement. I will not recount the entire factual history regarding the settlement negotiations which took place in late April 2006 between the parties, as that is adequately set forth both in the Recommendation and Defendant's response to the objections.

Simply stated, the Recommendation indicates that the Magistrate Judge found that there was a meeting of the minds between counsel with authority from their clients to settle the case and that the parties indeed signed off on the agreement with their approval of the terms.

Plaintiff has raised a variety of factual scenarios in an attempt avoid the agreement. He has argued that his signature of the settlement agreement was not voluntary because his counsel forced him to sign it. As Plaintiff did not present any evidence of duress, and refused to waive his attorney/client privilege to allow any discussion of the circumstances surrounding his signing of the agreement, Magistrate Judge Hegarty found that his duress argument was not credible and concluded that there was no evidence of any type of threat, much less an improper one.

In his objection, Plaintiff states that he has "denied and keeps denying any and all participation in the settlement agreement." He goes on to argue that the settlement was a 'setup' between counsel which was finalized without his being consulted. This is in direct contradiction to his statements at the May 8th hearing as contained in the transcript of those proceedings. Nevertheless he does admit that he signed the settlement agreement and initialed every page of it. (5/8/06Trans. at p. 47).

Magistrate Judge Hegarty gave Plaintiff ample opportunity to provide evidence that he signed the agreement against his will. The implications of a waiver of attorney client privilege were discussed. Plaintiff was told how the failure to waive the privilege would limit testimony and that his claim of coercion needed evidentiary support to prevail.

The only evidence found in the transcript that might support Plaintiff's position is the exchange on pages 29-31 in which Plaintiff questioned defense counsel about a telephone call made several days before the settlement discussions. The gist of the testimony reveals that Plaintiff attempted to have a telephone conversation with defense counsel on April 20, 2006. Defense counsel informed Plaintiff that as Plaintiff had counsel, defense counsel could not talk directly to Plaintiff. Although Plaintiff apparently attempted to relate that his counsel was withdrawing and had not represented Plaintiff's views appropriately, Defense counsel attempted to prevent Plaintiff discussing In any event, even if defense counsel had understood that Plaintiff's relationship with his counsel was troubled, at that time he had no reason to question the validity of Plaintiff's signature on a settlement agreement proffered by Plaintiff's counsel the next week, particularly in light of the fact that Plaintiff's counsel specifically told defense counsel that she had Plaintiff's authority to settle the case.

In addition, the Recommendation correctly cites the legal standards for determining if an alleged settlement agreement should be enforced and that the present agreement at issue meets the criteria for enforceability. The primary determination that must be made is whether the terms are specific enough to constitute a contract and if the parties intended it to be a binding contract. *New York Life Insurance Company v. K N Energy, Inc.*, 80 F.3d 405, 410 (10th Cir. 1996). If a party knowingly and voluntarily authorizes a settlement, the agreement will not be stricken based on a change of mind by that party. *Woods v. Denver Dept. of Revenue, Treasure Div.*, 45 F.3d 377, 378 (10th Cir. 1995). Furthermore, Plaintiff has failed to provide any evidence that his acquiescence to the settlement was invalid in

any way.

Plaintiff's objection goes on to request that his case be transferred to the "Supreme Court" where 'the constitution will be applied to [his] claims.' Plaintiff is under a misapprehension if he thinks either that this court has the power to transfer this case to the U.S. Supreme Court or that the U.S. Supreme Court would take this case in its present posture.

I also note that prior to the filing of the motion to enforce settlement, Plaintiff had appealed a discovery order issued by Magistrate Judge O. Edward Schlatter on December 14, 2005. That order granted a motion to compel filed by Defendant. As that appeal was pending at the time of the settlement, I have reviewed it to see whether that order was "clearly erroneous or contrary to law" such that granting the appeal would result in a change of circumstances that could affect the validity of the settlement. 28 U.S.C. § 636(b)(1)(A). Plaintiff's appeal does not argue that the ruling was erroneous in any way, but merely that he could not produce to Defendant documents which he did not have. That is not a basis for overruling the order of Magistrate Judge Schlatter.

Accordingly, it is ordered:

1. Defendant's Motion to Enforce Settlement Agreement, filed May 2, 2006 (doc. no. 98) is Granted. The Release and Settlement Agreement entered into by the parties shall be enforced.

2. The parties shall file with the court a copy of the signed Release and Settlement Agreement and the signed Stipulation of Dismissal.

3. Upon plaintiff filing proof of tender of the settlement amount to the plaintiff, the case will be dismissed with prejudice.

4. The Recommendation of Magistrate Judge Hegarty, issued May 11, 2006, (doc. no. 109) is Accepted.

5. Plaintiff's Appeal of the Order of December 14, 2005, on Defendant's Motion to Compel, filed January 3, 2006 (doc. no. 49) is Denied.

6. The other pending matters, which include Plaintiff's Motion for Leave to File Third Amended Complaint, filed March 29, 2006 (doc. no. 77) and Plaintiff's Appeal of Order Denying Default Judgment, filed August 11, 2006, (doc. no. 144) are Denied as Moot.

7. The Recommendation on the Motion for Leave to File Third Amended Complaint, issued June 12, 2006 (doc. no. 120) is moot.

DATED at Denver, Colorado, on February 16, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge

PDF FINAL