IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00763-WDM-MEH

ISSIAKA I. NAMOKO,

     Plaintiff,

v.

COGNISA SECURITY, INC.,

     Defendant.

---

## RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS

---

     Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint [Docket #155]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matters has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **deny** the Motion **without prejudice** for lack of jurisdiction

     District Judge Walker D. Miller previously adopted this Court's Recommendation enforcing a settlement agreement reached between the parties. In so doing, Judge Miller ordered the following:

> The parties shall file with the court a copy of the signed release and settlement agreement and the signed stipulation of dismissal.
>
> Upon plaintiff filing proof of tender of the settlement amount to the plaintiff, the case will be dismissed with prejudice.

Dock. #154, p. 4. In the present motion, Defendant states that Plaintiff has failed to comply with this Order by refusing to sign a stipulation of dismissal. Defendant attached a copy of the settlement agreement as originally signed by Plaintiff. Dock. #155, Exh. A. Defendant's counsel asserts that he requested that Plaintiff sign the stipulation and informed Plaintiff he would send the check once

he received the signed stipulation.

On March 9, 2007, Plaintiff filed his Notice of Appeal and Motion for Leave to Proceed on Appeal Under 28 U.S.C. § 1915. Dock. ##158, 159. Under the Federal Rules of Appellate Procedure, "filing a timely notice of appeal pursuant to Fed. R. App. P. 3 transfers the matter from the district court to the court of appeals." *Garcia v. Burlington Northern R.R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987) (citation omitted). "The district court is this divested of jurisdiction. Any subsequent action by it is null and void." *Id.* A decision is final and, therefore, appealable if it "leaves nothing for the court to do but execute the judgment." *Albright v. UNUM Life Ins. Co. of Am.*, 59 F.3d 1089, 1092 (10th Cir. 1995) (citation omitted).

Here, the parties are required to sign the agreement, and Defendant is required to tender the settlement monies to Plaintiff. The Tenth Circuit Court of Appeals will determine whether this is, in essence, an execution of the judgment based on District Judge Miller's ruling that a valid and enforceable settlement agreement was reached in this case. Thus, it appears at this time that this Court lacks jurisdiction to address Defendant's Motion while Plaintiff's appeal is pending.

Accordingly, for the reasons stated above, the Court RECOMMENDS that Defendant's Motion to Dismiss Plaintiff's Complaint [Filed March 7, 2007; Docket #155] be **denied without prejudice**, for lack of jurisdiction. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States*

Dated at Denver, Colorado this 12th day of March, 2007.

BY THE COURT:


s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

*v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).