IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-00763-WDM-MEH

ISSIAKA I. NAMOKO,

    Plaintiff,

v.

COSIGNA SECURITY INC.,

    Defendant.

## ORDER ON MOTION TO RECONSIDER

Miller, J.

This matter is before me on Plaintiff's Objection to the Amended Order on Recommendation and Plaintiff's Demand for Final Judgment (doc no 182, refiled as doc no 185). Plaintiff objects to my order (doc no 180), issued after Plaintiff's appeal to the United States Court of Appeals for the Tenth Circuit was dismissed as premature. My order again enforces the settlement agreement signed by Plaintiff and directs Defendant to pay the settlement amount to the Clerk of the Court for Plaintiff's benefit. I construe Plaintiff's objections as a motion to alter or amend pursuant to Rule 59(e), as it was filed within ten days after my order was entered. *Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1178 (10th Cir. 2000).

A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) should be granted only to address (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Such a motion is not an appropriate vehicle to "advance arguments that could have been raised in prior briefing."  *Id.  See also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) ("A Rule 59(e) motion to alter or amend the judgment should be granted only 'to correct manifest errors of law or to present newly discovered evidence'") (citations omitted).

Plaintiff asserts again that he was coerced into signing the settlement agreement and demands a jury trial on his claim.  Plaintiff appeared at an evidentiary hearing before Magistrate Judge Hegarty on May 8, 2006 and had the opportunity to present evidence of his claim of duress but refused to waive attorney client privilege or otherwise present evidence on this issue.  His motion to amend also contains no evidence, and certainly no evidence that could not have been presented at the evidentiary hearing, supportive of his argument that the settlement agreement is invalid.  Plaintiff attaches as an exhibit a response from Colorado's Attorney Regulation Counsel to his complaints about his attorneys.  However, this letter merely requests more information and does not establish any wrongdoing by Plaintiff's counsel.  Plaintiff again asserts that Magistrate Hegarty and I are biased against him because of his race and appears to request our recusal.  The adverse rulings against Plaintiffs and enforcement of the settlement agreement that he signed are the result of the application of law to the facts of Plaintiff's case, not racial animus.  *Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988) (adverse legal rulings, standing alone, do not provide grounds for recusal).

Because Plaintiff agreed to settle his claim, he waived his right to a jury trial.  Plaintiff presents no new evidence, does not argue an intervening change in the controlling

law, and has not shown the need to correct clear error or to prevent manifest injustice. I therefore conclude he is not entitled to relief under Rule 59(e).

Plaintiff requests direction as to whether the order again enforcing the settlement agreement is an appealable final judgment. Plaintiff is directed to refer to the Federal Rules of Civil Procedure and legal authority for guidance.

Accordingly, Plaintiff's motion is denied.

DATED at Denver, Colorado, on July 9, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge