IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00763-WDM-MEH

ISSIAKA I. NAMOKO,

    Plaintiff,

v.

COGNISA SECURITY, INC.,

    Defendant.

**RECOMMENDATION ON PLAINTIFF'S PETITION FOR REHEARING AND OBJECTION ON MOTION TO RECONSIDER**

Before the Court is Plaintiff's Petition for Rehearing Fed. R. App. P. 35, 40 10th Cir. R. 35, 40 and Objection on Motion to Reconsider [Docket #191]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **deny** Plaintiff's Motion.

**I.     Background**

Plaintiff requests a hearing before this Court so that the case can move forward for trial before a panel of seven judges. Plaintiff seeks to resume discovery and to depose certain individuals involved in this case. Plaintiff also asks that a final judgment enter in this case so that he can pursue an appeal. Finally, Plaintiff essentially seeks reconsideration of the Order adopting the Recommendation on Defendant's Motion to Enforce the Settlement Agreement. Specifically, Plaintiff claims that some of the evidence was not introduced at the hearing held on May 8, 2006, and also asserts other arguments previously raised and rejected in this case.

**II.     Discussion**

First, Plaintiff's request for a hearing relates to relief that is not available at this time. District Judge Walker D. Miller has already adopted the Recommendation on the Motion to Enforce Settlement Agreement, and discovery is not appropriate at this time. Thus, no hearing is necessary, and any hearing on discovery matters would be unproductive.

Second, Plaintiff seeks relief under Rule 59(e):

> A motion to alter or amend a judgment pursuant to Rule 59(e) should be granted only to address: (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Doe*, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion is not an appropriate vehicle to "advance arguments that could have been raised in prior briefing." *Id.*

*James v. Platte River Steel Co.*, 113 Fed. Appx. 864, 868 (10th Cir. 2004) (citation omitted).

Plaintiff's argument that not all evidence was introduced at the hearing was a product of his own choosing. At the hearing, Plaintiff argued that he was coerced into signing the Agreement. However, no evidence was presented to support this contention because Plaintiff refused to waive the Attorney/Client privilege regarding his communications with counsel at the time he signed the settlement agreement. Just because Plaintiff now appears willing to waive that privilege and testify regarding his conversations with counsel does mean that the new evidence was previously unavailable. In fact, the evidence Plaintiff now relies on could have been introduced at that time, had Plaintiff chosen to waive his Attorney/Client privilege and testify regarding the alleged coercion of counsel to sign the settlement agreement. Accordingly, under Rule 59(e), Plaintiff has asserted no basis for relief. *E.g.*, *Caprin v. Simon Transp. Servs.*, 99 Fed. Appx. 150, 164 (10th Cir. 2004) (requiring the party requesting relief to establish that the newly discovered evidence could not have

been discovered previously with diligent effort).

### III. Conclusion

For the reasons stated above, the Court **denies** Plaintiff's request for a hearing and RECOMMENDS that Plaintiff's Objections on Motion to Reconsider [Filed July 12, 2007; Docket #191] be **denied** and that this case be **dismissed with prejudice** under the terms of the settlement agreement. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 18th day of July, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).