IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00763-WDM-MEH

ISSIAKA I. NAMOKO,

     Plaintiff,
v.

COGNISA SECURITY, INC.,

     Defendant.

## RECOMMENDATION ON THIRD MOTION TO INTERVENE

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Lien Holder Cornish and Dell'Olio's Third Motion to Intervene to Enforce Attorney's Charging Lien [Docket #208]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **deny** the Motion.

**I.    Background**

The law firm of Cornish and Dell'Olio filed its first motion to intervene on March 22, 2007, after District Judge Walker D. Miller adopted this Court's Recommendation on Defendant's Motion to Enforce Settlement Agreement. Dock. #165. The first motion to intervene was denied without prejudice, because Plaintiff had appealed the Order adopting the Recommendation to the Tenth Circuit Court of Appeals, and intervention was unnecessary at that time. Dock. #174. The Tenth Circuit remanded the case after concluding that an appealable final order had not yet been entered. On remand, Judge Miller amended his order to allow Defendant to file the settlement proceeds with the Court. Dock. #180. Judge Miller further ordered that Plaintiff may receive the settlement proceeds either by waiving his appeal rights and requesting the money, or after a decision by the

Court of Appeal affirming the judgment.

Cornish and Dell'Olio filed a Second Motion to Intervene on June 28, 2007. In objecting to the that motion, Plaintiff argued that intervention was improper because Cornish and Dell'Olio allegedly violated the rules of professional conduct by leasing an apartment to him while he was represented by the firm. Plaintiff also made it clear that he intended to appeal the amended judgment. In fact, Plaintiff filed a Notice of Appeal on July 23, 2007. Dock. #194. On this basis, the Second Motion to Intervene was denied without prejudice. Dock. #201.

On August 21, 2007, Plaintiff waived his right to appeal and requested release of the settlement funds. Dock. #205. Plaintiff's Motion was granted on August 23, 2007, and the settlement funds are to be released to Plaintiff on August 31, 2007. Dock. #207. On August 23, 2007, Cornish and Dell'Olio filed the instant Third Motion to Intervene to enforce its charging lien.

**II.     Discussion**

Under Colorado law, which governs the charging lien at issue, an attorney may enforce a charging lien "by intervention in the action that gave rise to the lien, as well as by independent civil action." *In re Shapard*, 129 P.3d 1007, 1009 (Colo. App. 2004). Because the underlying claims in this lawsuit have been settled, and Plaintiff appearing *pro se* has waived his rights to appeal, this is the only remaining issue. Thus, to exercise jurisdiction over enforcement of the charging lien, the Court must also consider the factors relevant to ancillary jurisdiction. Ancillary jurisdiction "recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). While courts often exercise ancillary jurisdiction over attorney-client fee disputes, the Tenth Circuit has set forth the following factors which guide the Court's determination:

> 1) an ancillary matter should arise from the transaction that was the basis of the principal proceeding, during the course of the principal proceedings, or as an integral

2

> part of the main proceeding; (2) the federal court should be able to determine the matter without a substantial new factfinding proceeding; (3) failing to determine the matter should not deprive a party of any important procedural or substantive right; or (4) the matter should be decided in order to protect the integrity of the principal proceeding or insure that its disposition is not frustrated.

*Jenkins v. Weinshienk*, 670 F.2d 915, 918 (10th Cir. 1982).

Here, the first factor is easily satisfied in that the dispute arose in conjunction with Defendant's Motion to Enforce Settlement Agreement in this case. The second factor, however, weighs against ancillary jurisdiction, because Plaintiff has alleged that his former counsel violated their ethical obligations to him by leasing an apartment to him during the pendency of this lawsuit. Plaintiff further alleges that he agreed to pay rent out of any settlement proceeds and that his counsel coerced him into signing the settlement agreement on the threat that he would otherwise be evicted from his apartment. The allegations surrounding Cornish and Dell'Olio's Charging Lien far exceed the allegations and complexity of the underlying lawsuit and would, indeed, require a substantial new factfinding proceeding to test the sufficiency and credibility of Plaintiff's allegations. *See Foster v. Bd. of Trustees of Butler County Comm'ty College*, 771 F. Supp. 1118, 1121 (D. Kan. 1991). Moreover, important issues of state law, including the enforceability of the charging lien at issue, are best decided by Colorado state courts. *See People ex rel. MacFarlane v. Harthun*, 581 P.2d 716, 718 (Colo. 1978) (holding that an attorney's lien can be waived or lost if the attorney commits professional misconduct in the matter giving rise to the lien).

Cornish and Dell'Olio contend that this Court is in the best position to determine the reasonable fee for the services provided. While this is ordinarily true, the Court notes that Plaintiff's counsel moved to withdraw his appearance approximately two months after first entering his appearance. The reasonable fee for counsel's work can be ascertained from review of the docket of this case; such a burden is slight in comparison to the other factual allegations surrounding this

3

dispute.

Third, the Court does not believe that declining to exercise ancillary jurisdiction will deprive Cornish and Dell'Olio of any procedural or substantive right. Colorado law allows a charging lien to be enforced in an independent civil action. Although Cornish and Dell'Olio argue that Plaintiff has no assets against which to enforce the lien, the settlement proceeds of this case certainly constitute assets which Cornish and Dell'Olio may pursue, should they choose to do so, in state court proceedings. Fourth, the charging lien does not affect the disposition of this case.

## III. Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Lien Holder Cornish and Dell'Olio's Third Motion to Intervene to Enforce Attorney's Charging Lien [Filed August 23, 2007; Docket #208] be **denied**. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 28th day of August, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).