IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-00763-WDM-MEH

ISSIAKA I. NAMOKO,

      Plaintiff,

v.

COGNISA SECURITY INC.,

      Defendant.

---

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

---

Miller, J.

      This matter is before me on the recommendation (doc no 211) of Magistrate Judge Michael E. Hegarty that Lien Holder Cornish and Dell'Ollio's Third Motion to Intervene to Enforce Attorney's Charging Lien (doc no 208) be denied. Cornish and Dell'Ollio filed an objection to the recommendation and Plaintiff has filed another motion seeking release of his settlement funds. For the reasons set forth below, I will accept Magistrate Judge Hegarty's recommendation and will order the release of Plaintiff's settlement funds, except for the amounts subject to Cornish and Dell'Ollio's charging lien, upon withdrawal of Plaintiff's pending appeal before the Tenth Circuit Court of Appeals. Cornish and Dell'Ollio may file an independent state court action for enforcement of the lien and upon resolution of that action, the remaining amounts will be released to Plaintiff or Cornish and Dell'Ollio pursuant to the judgment.

      On June 28, 2007, I issued an amended order enforcing the parties' settlement

agreement and ordering Defendant Cognisa Security, Inc., to pay the settlement amounts to the Clerk of this Court.  The settlement proceeds were to be released to Plaintiff upon his waiver of his appeal rights or the denial of his appeal on the merits.  Defendant paid the settlement amount, minus taxes (net amount $23, 973), on July 10, 2007.  Accordingly, I dismissed Plaintiff's complaint against Defendant with prejudice on July 31, 2007.

Plaintiff's former counsel, Cornish and Dell'Ollio, claim an interest in the settlement proceeds and filed a Notice of Charging Lien (doc no 104) on May 8, 2006 in the amount of $11,044.82; in addition, Cornish and Dell'Ollio filed notice of lien of $2,100.00 in favor of Oasis Legal Finance for funds borrowed by Plaintiff against his settlement proceeds.

On August 21, 2007, Plaintiff filed a letter (doc no 205) in which he purportedly waived his appeal rights and sought release of his settlement funds.  Magistrate Judge Hegarty issued an order dated August 23, 2007, ordering release of the funds to Plaintiff on August 31, 2007.  Cornish and Dell'Ollio objected to the release of the full amount of the funds and filed a Third Motion to Intervene in order to enforce their charging lien. Magistrate Judge Hegarty recommended that the motion to intervene be denied because the exercise of ancillary jurisdiction over the attorney's fees dispute is not warranted. Cornish and Dell'Ollio objected again, arguing that they have a right to intervene and that Plaintiff's grounds for resisting payment of attorney's fees are frivolous.  I agree with Magistrate Judge Hegarty that enforcement of the charging lien will require substantial factfinding and is unnecessary to protect the integrity of the principal proceeding in this case.  However, it would be inequitable to release amounts subject to Cornish and Dell'Ollio's charging lien before the lien holder is able to obtain a judgment in an

2

enforcement action.

In the interim, although Plaintiff has waived his appeal rights, the Tenth Circuit Court of Appeals construed a prior Motion for Reconsideration as a misdirected Notice of Appeal.  Accordingly, Plaintiff's case is currently on appeal in the Tenth Circuit.  Until that action is terminated, I cannot order the release of the settlement funds.

Accordingly, it is ordered:

1.      Magistrate Judge Hegarty's recommendation (doc no 211) is accepted.  Lien Holder Cornish and Dell'Ollio's Third Motion to Intervene to Enforce Attorney's Charging Lien (doc no 208) is denied.

2.      Plaintiff's Motions for Release of Funds (docs no 212, 220, and 223) are granted in part.  Upon receipt of Plaintiff's notification of the dismissal with prejudice of his appeal to the Tenth Circuit Court of Appeals, I will issue an order directing the Clerk of the Court to release to Plaintiff settlement funds in the amount of $10,828.18 (net settlement funds minus amount subject to attorney's charging lien).

3.      The remaining funds ($13,144.82) will remain in the registry of the Clerk of the Court to be interplead in an independent enforcement action by Cornish and Dell'Ollio in state court.  If notice of such filing is not received on or

before November 15, 2007, then the clerk shall pay these remaining funds

to Plaintiff.

DATED at Denver, Colorado, on October 11, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge